Case 1:20-cv-00132   Document 24   Filed on 05/27/21 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
May 27, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL DEL ANGEL CARDONA, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:20-cv-132 | |
| § | | |
| ALEJANDRO MAYORKAS, et al., § | | |
| Defendants. § | | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 26, 2020, Plaintiff Raul Del Angel Cardona filed suit against Chad F. Wolf, Acting Secretary of Homeland Security; Kenneth T. Cuccinelli, Senior Official Performing the Duties of the Director of United States Citizenship and Immigration Services ("USCIS"), and Norma Limon, Director of the Harlingen Field Office for USCIS.[1] Dkt. No. 1. Del Angel Cardona raised three claims: a federal civil rights damages claim against Limon; a request for a declaratory judgment that he is a U.S. citizen; and, a request for administrative relief under the Administrative Procedures Act ("APA"). Id.

On February 12, 2021, the Defendants timely filed a motion to dismiss. Dkt. No. 17. The motion has been fully briefed. Dkt. Nos. 20, 23.

After reviewing the record and the relevant case law, it is recommended that the motion to dismiss be granted. As to the federal civil rights claim, Del Angel Cardona fails to state a claim upon which relief can be granted. As to the declaratory judgment and APA claims, the motion should be granted based upon lack of subject matter jurisdiction.

**I. Background**

 **A. Factual Background**

Del Angel Cardona was born in 1960 in Matamoros, Tamaulipas, Mexico to a U.S. citizen mother. He claims, under the U.S. law in effect at his birth, he has acquired derivative citizenship from his mother, by virtue of being born out of wedlock. Dkt. No. 1.

---

[1] Alejandro Mayorkas and Tracy Renaud were later substituted for Wolf and Cuccinelli, pursuant to FED. R. CIV. P. 25(d). Dkt. No. 22.

On August 1, 2012, Del Angel Cardona applied for Certificate of Citizenship with USCIS, seeking recognition of his citizenship. Dkt. No. 1, p. 4. On December 17, 2012, his application was denied on the grounds that he was not born out of wedlock under Mexican law. Id. Del Angel Cardona timely appealed the decision to the USCIS Administrative Appeals Office. Id. On August 28, 2013, the appeal was dismissed "for failure to submit a legal brief." Id.

On August 23, 2019, Del Angel Cardona filed a renewed application for a Certificate of Citizenship. Dkt. No. 1, p. 4. Federal regulations provide that when there is a renewed application, it is rejected and the applicant is required to file a motion to reopen the prior case. 8 C.F.R. § 341.5(e). Del Angel Cardona asserts that pursuant to 8 C.F.R. § 103.5 (a)(1)(ii), the motion to reopen the prior case should have been decided by the Administrative Appeals Office, but, instead, was decided by the Field Operations Directorate office in Harlingen, Texas, led by Norma Limon. Dkt. No. 1, p. 5.

The Field Operations Directorate reopened and denied the case. Dkt. No. 1, p. 5.

On November 3, 2020, USCIS sua sponte reopened the matter and certified it for review before the Administrative Appeals Office. Dkt. No. 17-1, p. 2.

On May 5, 2021, the Administrative Appeals Office denied the request for a Certificate of Citizenship, finding that Del Angel Cardona was not born out of wedlock, as his parents had a common-law marriage that was legally recognized as a marriage under Mexican law. Dkt. No. 23-1.[2]

**B. Procedural History**

On August 26, 2020, Del Angel Cardona filed suit against Wolf, Acting Secretary of Homeland Security; Cuccinelli, Senior Official Performing the Duties of the Director of USCIS, and Limon, Director of the Harlingen Field Office for USCIS. Dkt. No. 1. Del Angel Cardona raised three claims: he sued Limon, in her individual capacity, for violating

---

[2] The Court takes judicial notice of Del Angel Cardona's USCIS file – Dkt. Nos. 8, 17-1, 23-1 -- which is a matter of public record. Norris v. Hearst Trust, 500 F.3d 454, 461 n. 9 (5th Cir.2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record").

2

his Fifth Amendment due process rights by her "usurpation of jurisdiction" of the case from the Administrative Appeals Office; he sued all three defendants, in their official capacities, for a declaration of citizenship pursuant to 8 U.S.C. § 1503(a); and, lastly, he sued Limon, in her official capacity, under the Administrative Procedures Act ("APA"), for failing to forward the renewed application to the Administrative Appeals Office. Dkt. No. 1.

On February 12, 2021, the Defendants filed a motion to dismiss. Dkt. No. 17. As to the claims against Limon for violating Del Angel Cardona's due process rights, Limon argues that the claim is non-justiciable and seeks to extend Bivens into a "disfavored context." Id. As to the claims against all of the Defendants for a declaration of citizenship, Defendants argued that Del Angel Cardona's claim was filed outside of the five-year statute of limitations period. Id. As to the APA claim, at that time, Limon argued that the Court lacks jurisdiction because there was no final agency action and Del Angel Cardona had other adequate legal remedies. Id.

On March 31, 2021, Del Angel Cardona filed a response. Dkt. No. 20. As to the due process claim against Limon, he argued that he must be permitted to have a remedy for the "extensive injury" she caused. Id. As to the citizenship claim under § 1503, Del Angel Cardona asserted that a renewed decision by the Administrative Appeals Office would also restart the statute of limitations clock. Id. As to the APA claim, he argued that subject matter jurisdiction exists for the Court to "set aside unlawful agency action and compel compliance with the Court's Order." Id.

On May 20, 2021, the Defendants filed a reply brief. Dkt. No. 23. In it, they argued that the Administrative Appeals Office decision of May 5th, which denied Del Angel Cardona's citizenship claim, mooted any claim to relief under the APA. Id. They also reiterated their prior arguments regarding the § 1503 citizenship claim and the Bivens claim.

**II. Applicable Law**

    **A. Rule 12(b)(6)**

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. Id. at 679.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019). All well-pled facts must be viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

Dismissal, for failing to state a claim upon which relief can be granted, is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

    **B. Bivens**

While 42 U.S.C. § 1983 applies to a defendant acting under color of state law, a different basis exists for claims against individual federal actors, who may have violated a plaintiff's constitutional rights. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 391-96 (1971). Bivens actions are the federal analog to suits brought against state actors under 42 U.S.C. § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 675-76 (2009). The only cause of action for a constitutional violation by a federal actor is pursuant to Bivens. De La Paz v. Coy, 786 F.3d 367, 372 (5th Cir. 2015).

Bivens is a judicially created remedy, where no other remedy exists under the law. Bivens, 403 U.S. at 396-97. There is no "automatic entitlement" to a damages remedy under Bivens. Wilkie v. Robbins, 551 U.S. 537, 550 (2007). Bivens actions are limited to actions against federal actors for constitutional violations of the Fourth Amendment; the Due Process Clause of the Fifth Amendment; and, the Cruel and Unusual Punishments Clause of the Eighth Amendment. Correctional Svcs. Corp. v. Malesko, 534 U.S. 61, 67 (2001). Expanding Bivens beyond its previously recognized boundaries is a "disfavored" remedy. Ziglar v. Abbasi, — U.S. —, 137 S. Ct. 1843, 1857 (2017).

### C. Citizenship

Federal law provides that when a person claims to be a citizen of the U.S. and is denied any "right or privilege" of citizenship by a federal department or agency, the putative citizen can sue in federal court for a judicial declaration of citizenship. 8 U.S.C. § 1503(a). Such a claim "may be instituted only within five years after the final administrative denial of such right or privilege." § 1503(a). This requirement is "jurisdictional." Gonzalez v. Limon, 926 F.3d 186, 188 (5th Cir. 2019). The Fifth Circuit has held that in cases where they are multiple administrative denials, "the final administrative denial means the first final administrative denial." Id., at 190 (internal quotation marks omitted). In other words, the five-year limitations period begins when the first denial is administratively final and future proceedings cannot reset that window. Id.

### D. Mootness

Mootness is part of the standing doctrine; it requires that the elements of standing be present throughout the litigation. Ctr. for Individual Freedom v. Carmouche, 449 F.3d 655, 661 (5th Cir. 2006). "A controversy becomes moot where, as a result of intervening circumstances, there are no longer adverse parties with sufficient legal interest to maintain the litigation.... A controversy can also become moot when the parties lack a legally cognizable interest in the outcome." In re Scruggs, 392 F.3d 124, 128 (5th Cir. 2004). "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." Goldin v. Bartholow, 166 F.3d 710, 717 (5th Cir. 1999).

**III. Analysis**

Del Angel Cardona has raised three claims: (A) a Bivens damages claim against Limon for violating his constitutional rights; (B) a citizenship claim pursuant to 8 U.S.C. § 1503(a); and, (C) an APA claim. As discussed below, none of these claims are well-taken and dismissal is appropriate.

**A. Bivens**

Del Angel Cardona has raised a Bivens claim against Limon. For the reasons discussed below, he has failed to state a claim upon which relief can be granted.

As the Court understands the claim, Del Angel Cardona asserts that when Limon decided his renewed application – rather than forwarding it to the Administrative Appeals Office – she violated his due process rights. The Court must determine (1) if a Bivens right exists in this context and (2) whether Limon's actions violated Del Angel Cardona's constitutional rights.

**1. Existence**

The Supreme Court has recognized a Bivens right in three specific contexts: "a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma." Ziglar, 137 S. Ct. at 1860. Unless a plaintiff's claim bears a similarity to these examples, it is a "new Bivens context" and the Court must determine whether Bivens extends to reach that claim. See Olivia v. Nivar, 973 F.3d 438, 442 (5th Cir. 2020) (noting that "virtually everything else" other than those three examples is a "new context").

A fundamental consideration—in determining if a Bivens right exists—is whether there is a comprehensive, remedial scheme to address the plaintiff's claims. Schweiker v. Chilicky, 487 U.S. 412 (1988). Irrespective of the underlying theory, any purported Bivens remedy must not be "plainly inconsistent with Congress' authority in this field." Chappell v. Wallace, 462 U.S. 296, 304 (1983). In other words, where Congress has legislated extensively in a field, but not has created a damages remedy, the Courts should not fashion one.

Congress has almost absolute authority in the field of citizenship for persons not born in the United States. See Marquez-Marquez v. Gonzales, 455 F.3d 548, 560 (5th Cir. 2006) (Congress "has a completely free hand in defining citizenship as it relates to persons born abroad."). As such, "[f]ederal governance of immigration and alien status is extensive and complex." Arizona v. U.S., 567 U.S. 387, 395 (2012).

The Immigration and Naturalization Act ("INA") "is the primary Act of Congress governing birthright citizenship for foreign-born children." Mize v. Pompeo, 482 F. Supp. 3d 1317, 1324 (N.D. Ga. 2020). The Fifth Circuit has held that the INA is an "elaborate remedial scheme[,]" which "precludes creation of a Bivens remedy." De La Paz v. Coy, 786 F.3d 367, 375 (5th Cir. 2015). Congress created a method for Del Angel Cardona to vindicate his claim of U.S. citizenship, including judicial review of any adverse decision. 8 U.S.C. § 1503. Thus, a Bivens remedy is not available to him. Even if it were, he would still not be entitled to relief.

### 2. Constitutional Violation

In order to pursue a Bivens remedy, Del Angel Cardona must plead facts showing that Limon violated his constitutional rights. As to this pleading, Del Angel Cardona has failed to do so.

Del Angel Cardona's claim is that Limon mishandled his motion to reopen his case, deciding it herself rather than forwarding it to the Administrative Appeals Office. He claims this action violated 8 C.F.R. § 103.5 (a)(1)(ii), which requires that the motion to reopen be sent to the official who made the latest decision in the previous proceeding. At this stage in the proceedings, the Court will assume that Del Angel Cardona's injuries were not ameliorated when the Administrative Appeals Office later decided his claim.

Even if the Court assumes that Limon acted improperly by not immediately sending the application to the Administrative Appeals Office, it does not rise to the level of a constitutional due process violation. "The failure of an agency to follow its own regulations is not, however, a per se denial of due process unless the regulation is required by the constitution or a statute." Arzanipour v. I.N.S., 866 F.2d 743, 746 (5th Cir. 1989). The Court cannot find – and Del Angel Cardona has not pointed to – any statute which

requires that the motion to reopen be forwarded to the Administrative Appeals Office. Accordingly, Del Angel Cardona has not pled facts showing that his constitutional due process rights were violated.[3] This claim should be dismissed for failure to state a claim upon which relief can be granted.

### B. Citizenship Claim

Del Angel Cardona has filed a claim for a declaratory judgment that he is a U.S. citizen, pursuant to 8 U.S.C. § 1503(a). This claim is untimely filed.

Federal law provides that a person who is denied "a right or privilege" of citizenship can seek a declaratory judgment that he or she is a U.S. citizen. 8 U.S.C. § 1503(a). However, such a suit "may be instituted only within five years after the final administrative denial of such right or privilege." Id. This requirement is jurisdictional. Gonzalez v. Limon, 926 F.3d 186, 188 (5th Cir. 2019).

In this case, Del Angel Cardona's motion for certificate of citizenship was denied on August 28, 2013. Dkt. No. 1, p. 4. Accordingly, he had five years from that denial – until August 28, 2018 -- to file his suit under § 1503(a). He did not file suit until August 26, 2020. Dkt. No. 1. Accordingly, his suit is untimely filed by almost exactly two years.

Contrary to Del Angel Cardona's claim, his 2019 motion to reopen the prior case did not restart the five-year limitations period. Gonzalez, 926 F.3d at 190. In Gonzalez, the plaintiff filed a motion for a certificate of citizenship with USCIS in 2008 and it was denied. Id., at 187. In 2014, he filed a renewed motion for a certificate of citizenship, seeking reconsideration of the 2008 decision. Id. The renewed motion was also denied. Id. In 2017, he filed suit in the district court, pursuant to § 1503(a), seeking review of the 2014 denial. Id.

The Fifth Circuit concluded that the five-year statute of limitations began running from the 2008 denial and was not restarted or altered by the 2014 decision. Gonzalez, 926

---

[3] To whatever extent Limon's decision violated Del Angel Cardona's due process rights, he was able to vindicate them through the administrative process. In this case, Del Angel Cardona is seeking monetary relief through his Bivens claim. See Dkt. No. 1, p. 8 (seeking $180,000 in damages against Limon). Limon's actions do not rise to the level of a constitutional violation that would make monetary relief available.

F.3d at 190. "While the text is silent regarding duplicative denials, in defining a limitations period, Congress expressed its interest in finality. Implicitly authorizing a series of duplicative claims would frustrate that interest." Gonzalez, 926 F.3d at 190.

Del Angel Cardona has argued that the Gonzalez is inapplicable in this case because his 2019 motion reopened the prior case, so there is only "one final decision in the case." Dkt. No. 20, p. 19. In essence he is arguing that his 2019 motion did not create a separate case, but is a continuation of the 2013 case, restarting the clock. This reading of the statute cannot be squared with the holding in Gonzalez. Del Angel Cardona is arguing that the regulations, as written, ensure that any renewed motions for certificate of citizenship are considered a single case, and thus, any decision on a renewed motion is a new final judgment that restarts the clock. Such a reading would obliterate the clear Congressional interest in finality and is inconsistent with a plain reading of the statute. To whatever extent Del Angel Cardona's reading of the regulations has merit, it must give way to the statute. See Manhattan General Equipment Co. v. Commissioner of Internal Revenue, 297 U.S. 129, 134 (1936) (a regulation which "operates to create a rule out of harmony with the statute is a mere nullity").

Furthermore, equitable tolling is unavailable. The Fifth Circuit described the five-year period in § 1503(a) as a "jurisdictional requirement[]." Gonzalez, 926 F.3d at 188. When a time bar is jurisdictional, the Court must strictly enforce it, "even if equitable considerations would support extending the prescribed time period." U.S. v. Kwai Fun Wong, 575 U.S. 402, 409 (2015).

In this case, the statute of limitations began running in August 2013 and expired in August 2018. No actions taken by any party after August 2018 – including any putatively unauthorized actions by Limon – have impacted the running of the time limit. This claim is untimely filed and should be dismissed on that basis.

### C. Administrative Procedures Act

Del Angel Cardona has also filed an APA claim, seeking to have the Court "set aside the Field Office Director's usurpation of jurisdiction." Dkt. No. 20, p. 9. This claim is moot.

Del Angel Cardona seeks to have the Court set aside Limon's decision and send the renewed motion to the Administrative Appeals Office for decision. On November 3, 2020, the renewed motion was "certified for review" to the Administrative Appeals Office. Dkt. No. 17-1, p. 2. On May 5, 2021, the Administrative Appeals Office held that Del Angel Cardona was not entitled to citizenship, because he had not established that he was born out of wedlock. Dkt. No. 23-1. This was a decision on the merits and was not procedurally impacted by Limon's actions.

To whatever extent Del Angel Cardona was injured by Limon's decision not to immediately forward the case to the Administrative Appeals Office, that injury was cured when the case was certified to the Administrative Appeals Office and a decision was issued.

"As a general rule, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." Env't Conservation Org. v. City of Dallas, 529 F.3d 519, 527 (5th Cir. 2008) (internal quotation marks omitted). Del Angel Cardona has already received the relief he requested: the vacatur of Limon's decision and a decision by the Administrative Appeals Office. "If, during the pendency of litigation, the complaining party receives the relief he originally sought to obtain in court, the action becomes moot and must be dismissed for lack of subject-matter jurisdiction." Escobar v. Barr, 824 F. App'x 300 (5th Cir. 2020) (citing Env't Conservation Org.).

Accordingly, this claim should be dismissed as moot.[4]

## IV. Recommendation

It is recommended that the motions to dismiss filed by the Defendants be granted. Dkt. No. 17.

All Bivens claims raised against Defendant Norma Limon should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

---

[4] Del Angel Cardona makes it clear that he is not using the APA claim to pursue his nationality claim, but simply to set aside Limon's decision and have the case decided by the Administrative Appeals Office. Dkt. No. 20, p. 7 (stating that his APA claim "is not to obtain a declaration of his nationality," but is pursued "to set aside unlawful agency action"). Thus, the Court will not consider whether he could pursue an APA claim for a declaration of nationality. See Flores v. Pompeo, 936 F.3d 273, 277 (5th Cir. 2019) (holding that a plaintiff cannot use the APA claim to review a denial of citizenship, because § 1503(a) is the sole vehicle for reviewing such claims).

The claims for a declaratory judgment pursuant to 8 U.S.C. § 1503(a) and for review under the Administrative Appeals Act should be dismissed without prejudice for lack of subject matter jurisdiction.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings.  If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on May 27, 2021.

_____
Ronald G. Morgan
United States Magistrate Judge