Case 1:20-cv-00132 Document 27 Filed on 09/07/21 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 07, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RAUL DEL ANGEL CARDONA, § § Plaintiff, § § VS. § ALEJANDRO MAYORKAS, *et al.*, § § Defendants. § | § § § § CIVIL ACTION NO. 1:20-CV-00132 § § § § |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Raul del Angel Cardona filed this lawsuit after his unsuccessful attempt to obtain a Certificate of Citizenship from the United States Citizenship and Immigration Services (USCIS). He alleges three causes of action: (1) a federal civil rights claim for damages–i.e., a *Bivens* action–against Norma Limon, the Director of the Harlingen Field Office for USCIS, in her individual capacity; (2) a request under 8 U.S.C. § 1503(a) for a declaratory judgment that he is a United States citizen, brought against Limon in her official capacity, Chad Wolf in his official capacity as the Acting Secretary of Homeland Security, and Kenneth T. Cuccinelli in his official capacity as Senior Official Performing the Duties of the Director of USCIS; and (3) an action for administrative relief under the Administrative Procedure Act against Limon in her official capacity.

In May of this year, a Magistrate Judge issued a Report and Recommendation (Doc. 24) recommending the granting of the Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 17) and the dismissal of Limon's three causes of action. The Report and Recommendation recommends dismissal on the grounds that the *Bivens* action does not

state a claim upon which relief can be granted, that the declaratory judgment action is time barred, and that the APA claim is moot. (R&R, Doc. 24)

Cardona filed objections to the Report and Recommendation. (Objections, Doc. 26) In addition, Cardona filed a Motion to File a Supplemental and Amended Complaint (Motion to Amend, Doc. 25), in which he seeks, primarily, to amend his APA claim. In the proposed Amended and Supplemental Complaint (Doc. 25-1), Cardona also includes additional arguments against the reasoning in the Report and Recommendation.

### I. Objections to Report and Recommendation

As Cardona filed objections to the Report and Recommendation, the Court has conducted a *de novo* review of the Motion to Dismiss, the briefing of the parties, the record in this case, and the applicable law. Based on this review, the Court overrules the objections that Cardona advances as to the Report and Recommendation.

#### A. *Bivens* Claim

Cardona "disagrees" with some of the statements in the Report and Recommendation as to the first cause of action, but then concedes that he "has abandoned his *Bivens* claim".[1] (Objections, Doc. 26, 6) To the extent that Cardona objects to the Report and Recommendation on this cause of action, the Court overrules the objections. For the reasons contained within the Report and Recommendation, the Court concludes that the applicable law does not afford Cardona a *Bivens* remedy, and that the allegations do not rise to the level of a constitutional due process violation.

---

[1] In his proposed Amended and Supplemental Complaint, Cardona omits his *Bivens* claim.

## B. Declaratory Judgment Action under 8 U.S.C. § 1503(a)

Cardona makes several objections to the Report and Recommendation's conclusion that Cardona's action under 8 U.S.C. § 1503 for a declaratory judgment is time barred.  (*See, e.g.,* Objections, Doc. 26, ¶¶ 5, 6, 11, 12)  The Report and Recommendation rests the conclusion primarily on the application of the Fifth Circuit's decision in *Gonzalez v. Limon*, 926 F.3d 186 (5th Cir. 2019).  That decision concerned whether the denial of a renewed motion for a certificate of citizenship, seeking reconsideration of an earlier denial of such a motion, begins anew the statute of limitations for initiating an action under Section 1503(a).  The Fifth Circuit concluded that duplicative denials do not restart the statute of limitations, and that the initial denial controls for purposes of whether the individual timely filed his declaratory judgment action.  Applying *Gonzalez* to Cardona's allegations, the Report and Recommendation concludes that the statute of limitations began to run on Cardona's claim in August 2013, requiring that he file his lawsuit under Section 1503(a) by August 2018, a deadline that he did not meet.

In his objections, Cardona primarily disagrees with the *Gonzalez* decision, arguing that "the decision is inconsistent with the *Fourteenth Amendment* to the *Constitution of the United States* and 8 U.S.C. § 1409(c)".  (Objections, Doc. 26, 3 (emphasis in original)).  He also claims that "[t]he barring of jurisdiction by [*Gonzalez*] is inconsistent with the broad language of 8 U.S.C. § 1452".  (*Id.* at 9)  However, although Cardona takes issue with *Gonzalez*, he provides no grounds that would authorize the Court to disregard that controlling precedent.  No such grounds exist: The Court will apply *Gonzalez*.

In addition, Cardona attempts to distinguish *Gonzalez* by pointing out that the plaintiff in that case "failed to appeal" the initial denial of a N-600 application for

citizenship, and then "argued that [the initial application] was not a final decision because she had not appealed." (*Id*. at 7)  Cardona asserts that the applicant's argument in *Gonzalez* "is similar but different" than the one that he makes in the present lawsuit, because he "*did* appeal" the initial decision denying his application for a certificate of citizenship. (*Id*. (emphasis added))

The Report and Recommendation, however, correctly rejects Cardona's attempt to distinguish *Gonzalez*.  The distinction in the procedural histories of *Gonzalez* and the present matter do not affect the legal analysis.  In fact, *Gonzalez* favorably cites to a district court decision in which the applicant also appealed the denial of an initial application for citizenship, and then years later filed a second application for citizenship based on new evidence.  *See Gonzalez*, 926 F.3d 186, 189 (5th Cir. 2019)(citing *Henry v. Quarantillo*, 684 F.Supp.2d 298 (E.D.N.Y 2010)).  In *Henry*, the district court likewise concluded that the statute of limitations began to run based on the denial of the initial application.  The same conclusion applies to Cardona's action under Section 1503(a).

### C.  Administrative Procedure Act Claim

In his Complaint, Cardona alleges that when he submitted his motion to reopen to the USCIS, Limon "had a non-discretionary duty to forward the motion [] to the Chief of the AAO for review and decision." (Complaint, Doc. 1, ¶ 25)  Limon failed to do so, and instead denied the motion to reopen.  In his requested relief as to the APA claim, Cardona asks that the Court "set aside [Limon's] Denial [and] Remand to the Harlingen Field Office Director with an order compelling her to forward the case to the AAO in conformance with her duty under the federal regulation." (*Id*. at ¶ 29)

It is undisputed that in November 2020, "USCIS *sua sponte* reopened the matter and certified it for review before the [AAO]." (Report and Recommendation, Doc. 23, 2) Moreover, the AAO considered Cardona's motion and, in May 2021, denied the request for a Certificate of Citizenship. Based on these factual developments, the Report and Recommendation recommends dismissing the APA claim as moot, as the USCIS's actions conform exactly to Cardona's requested relief–i.e., consideration by the AAO of his motion to reopen. In his objections, Cardona does not contest that the APA claim as alleged in his Complaint is moot. And the Court agrees.

## II. Motion to Amend

Cardona moves to amend his Complaint to include a cause of action under the Administrative Procedure Act with respect to the AAO's May 2021 decision to deny Cardona's request for a Certificate of Citizenship. (Motion to Amend, Doc. 25) The Defendants oppose the Motion to Amend, but have not submitted a response. To facilitate the Court's consideration of the Motion to Amend, the Court will order the Defendants to submit a response.

## III. Conclusion

Based on the Report and Recommendation, the record in this case, and the applicable law, it is:

**ORDERED** that the Report and Recommendation is **ADOPTED**;

**ORDERED** that the Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 17) is **GRANTED**;

**ORDERED** that Cardona's *Bivens* claim is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted;

**ORDERED** that Cardona's request for a declaratory judgment under 8 U.S.C. § 1503(a) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction;

**ORDERED** that Cardona's cause of action under the Administrative Procedure Act is **DISMISSED** as moot; and

**ORDERED** that Defendants shall file a response to the Opposed Motion to File a Supplemental and Amended Complaint (Doc. 25) by no later than September 24, 2021. The Court is considering only whether to grant leave for Cardona to add a cause of action under the Administrative Procedure Act based on the AAO's May 2021 decision. The Court will consider Defendants' failure to submit a response as an indication that they do not oppose the addition of such a cause of action.

Signed on September 7, 2021.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge